IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARL ROY DEBLANC, (TDCJ #02128718) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-2877 |
| LORIE DAVIS, | § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Earl Roy DeBlanc is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). DeBlanc has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary conviction. He is representing himself and has been granted leave to proceed without prepaying the filing fee. Based on careful consideration of the pleadings and the applicable law, this court concludes that DeBlanc has not stated meritorious grounds for federal habeas relief, denies his § 2254 petition, and, by separate order, enters final judgment. The reasons are explained below.

### I. Background

In March 2017, DeBlanc was convicted of aggravated robbery with a deadly weapon in Harris County, Texas (Cause Number 1489890). DeBlanc does not challenge that conviction here. Instead, he challenges the result of a prison disciplinary proceeding that was lodged against him at the Ellis Unit, where he is currently incarcerated.

DeBlanc explains that he was charged with assaulting an officer with an iron door in TDCJ Disciplinary Case #20180192134. (Docket Entry No. 1, at 5). After a disciplinary hearing on

March 22, 2018, DeBlanc was found guilty as charged. *Id.* As punishment, the hearing officer ordered DeBlanc's classification status reduced from S3 to L1, and restricted his commissary, recreation, and contact visit privileges for 45 days. *Id.* He did not forfeit any previously earned good-time credit. *Id.* DeBlanc filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful. *Id.*, at 5–6.

DeBlanc now seeks federal habeas corpus relief from his disciplinary conviction. In two grounds, DeBlanc argues that his disciplinary hearing and subsequent administrative appeal violated his right to due process of law. *Id.*, at 6. For reasons set forth below, the court finds that DeBlanc fails to state an actionable claim under the legal standard that governs disciplinary proceedings in the prison context.

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

DeBlanc cannot demonstrate a constitutional violation in this instance. DeBlanc indicates in his petition that he did not lose any previously earned good-time credit as a result of the challenged disciplinary conviction. (Docket Entry No. 1, at 5). Additionally, as DeBlanc acknowledges, he is not eligible for mandatory supervision because of his holding conviction for aggravated robbery with a deadly weapon. *Id.*, *see* Tex. Gov't Code § 508.149(a)(1), (12) (excluding prisoners convicted of aggravated robbery or any offense for which the judgment contains an affirmative deadly-weapon finding from eligibility for mandatory supervision). This is fatal to DeBlanc's claims. *See Malchi*, 211 F.3d at 957–58.

Although the disciplinary conviction at issue resulted in restrictions on commissary, recreation and contact visit privileges, as well as a reduction in classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on commissary, recreational, and contact visit privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Under these circumstances, DeBlanc cannot demonstrate a violation of the Due Process Clause and his pending federal habeas corpus petition must be dismissed.

### III. Conclusion

DeBlanc's petition for a writ of habeas corpus, (Docket Entry No. 1), is denied, and this case is dismissed with prejudice. Any remaining pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When relief is denied based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether DeBlanc stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on August 22, 2018, at Houston, Texas.

                                        Lee H. Rosenthal
                                    Chief United States District Judge